IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHIRLEY CAUSEY**     **PLAINTIFF**

v.     **CAUSE NO. 3:12-CV-479-CWR-FKB**

**MISSISSIPPI ADOLESCENT CENTER;**     **DEFENDANTS**
**MISSISSIPPI DEPARTMENT OF**
**MENTAL HEALTH; SHIRLEY**
**MILLER; JOHN AND JANE DOES 1-10**

## ORDER

Before the Court is the State of Mississippi's motion for partial judgment on the pleadings. Docket No. 4. The plaintiff has responded, Docket No. 7, the State has replied, Docket No. 9, and the matter is ready for review. The motion will be granted.

*I.     Factual and Procedural History*

The allegations are drawn from the complaint and assumed to be true for purposes of this motion.

In 1999, Shirley Causey began working for the Mississippi Adolescent Center ("MAC"), which is a division of the Mississippi Department of Mental Health ("MDMH"). Docket No. 1-1, at 2-3. In 2009, she was injured on the job and disabled. *Id.* at 3. When she requested a reasonable accommodation of her disability, she was fired. *Id.*

Somewhat separately, Causey alleged that before her injury, she had complained to her employer about racial discrimination. *Id.* She was then denied a transfer to the day shift, even though less senior white employees were given that transfer. *Id.* at 4. Causey claimed that the denial of transfer to the day shift and her eventual termination constituted retaliation. *Id.* at 4 and 6.

After receiving a right to sue letter from the EEOC, Causey filed this suit in May 2012 in state court. *Id.* at 1. She claimed that MAC and MDMH (together, "the State") had retaliated against her in violation of Title VII and discriminated against her on the basis of disability in violation of Title I of the Americans with Disabilities Act ("ADA"). *Id.* at 4. The State timely removed the suit to this Court under federal question jurisdiction. Docket No. 1.

The State's motion for partial judgment on the pleadings argues that Causey's ADA claim

fails because Title I of the ADA does not apply to States. Docket No. 5, at 2.

In response, Causey has filed an amended complaint adding MAC's Director as a defendant and adding a claim under the Rehabilitation Act of 1973. Docket No. 6. She also has filed her opposition to the State's motion, contending that it is premature because the pleadings have not closed. Docket No. 8, at 2. On the merits, she concedes her inability to recover monetary damages under the ADA, but argues that "[a] plaintiff may still sue for injunctive relief, as the Plaintiff in this case has done in both her Complaint and her Amended Complaint." *Id.*

The State's rebuttal contends that the amended complaint should be disregarded because it was not filed by consent or with leave of Court. Docket No. 9, at 1. It then argues that the State is immune from prospective injunctive relief. *Id.*

II.   *Standard of Review*

> The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks and citations omitted).

III.  *Discussion*

Rule 15 states that "[a] party may amend its pleadings once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). The State answered the complaint on July 12 and Causey filed her amended complaint 18 days later. Thus, the amended complaint was timely filed. In any event, this quibble is irrelevant to the present argument because the ADA claim is in both the original and amended complaints.

Causey concedes that she cannot seek monetary relief against the State under Title I of the ADA. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001); *Dansby-Giles v. Jackson State Univ.*, 638 F. Supp. 2d 698, 700 (S.D. Miss. 2009). She instead asserts that she has sought injunctive and declaratory relief against the State. A review of her complaint and first amended complaint, though, does not show that she has sought those remedies.

Accordingly, her claim under Title I of the ADA will be dismissed.

*IV.*     *Conclusion*

The State's motion for partial judgment on the pleadings is granted and the plaintiff's claim under Title I of the ADA is dismissed.

**SO ORDERED**, this the third day of August, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
